## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ERIK LUNA, individually, and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. |
| 4C KINZIE INVESTOR LLC d/b/a Highline Bar & Lounge, 1001 W. LAKE OPCO, LLC d/b/a Federales, 4C 1001 W. LAKE OPCO, LLC, 4C 15 E. ILLINOIS OPERATIONS, LLC d/b/a Fremont Bar, FOUR CORNERS TAVERN FUND MANAGEMENT, LLC, 1500 N. WELLS OPCO, LLC d/b/a 80 Proof f/k/a SteakBar, 4C 1500 N. WELLS OPCO, LLC, TALBOTT ASSOCIATES, L.P. d/b/a 20 EAST, 4C WRIGLEY, LLC d/b/a Brickhouse Tavern, KEYSTONE HOLDINGS CORP., 4C RIVERSIDE, LLC d/b/a Porter Kitchen & Deck, CHEVAL PORTER MANAGER, LLC, WELLS HOLDINGS, LLC d/b/a Benchmark Bar and Grill, WELLS HOLDINGS MANAGER, LLC, WEST LOOP TAP, L.L.C. d/b/a Westend Bar & Grill f/k/a Brownstone Tavern & Grill (Madison and Ada), SHEF AT OAK, INC. d/b/a Kirkwood Bar & Grill f/k/a Brownstone Tavern & Grill (Sheffield and Oakdale), RIVER NORTH TAP, INC. d/b/a Sidebar Grille, ROCCO'S, LLC d/b/a Ranalli's, CLARK STREET RESTAURANT PARTNERS, LLC f/k/a 2450 N. Clark, Inc. d/b/a Gaslight, ASCLOSE, INC. d/b/a Schoolyard Tavern & Grill, THE CHASE TAVERN, INC. d/b/a Trellis | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Wine Bar,                                                   )
SALOON HOLDINGS, LLC d/b/a The                              )
Crossing Tavern,                                            )
SALOON HOLDINGS MANAGER, LLC,                               )
HARDTALES, INC. d/b/a Brownstone Tavern                     )
& Grill (Lincoln and Irving Park),                          )
FOUR CORNERS, a voluntary unincorporated                    )
association,                                                )
FOUR CORNERS TAVERN FUND I, LLC,                            )
FOUR CORNERS TAVERN GROUP FUND                              )
INVESTOR, LLC,                                              )
FOUR CORNERS TAVERN PARTNERS,                               )
LLC,                                                        )
FOUR CORNERS TAVERN GROUP INC.,                             )
FOUR CORNERS HOLDINGS, LLC,                                 )
FOUR CORNERS CAPITAL ADVISORS,                              )
LLC,                                                        )
FOUR CORNERS SHUTTLE, LLC,                                  )
4C CHEVAL LLC,                                              )
1001 W. LAKE, LLC,                                          )
MATTHEW MENNA, and                                          )
ANDREW GLOOR,                                               )
                                                            )
                          *Defendants*.                     )

## NOTICE OF REMOVAL

Defendants, by their undersigned counsel, hereby remove this case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441 and 1446.  The Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

### A.    BACKGROUND

1.    Defendants were served with a Collective and Class Action Complaint ("Complaint") filed in the Circuit Court of Cook County, Illinois, Case No. 2018-CH-9060 on or shortly after July 23, 2018.  The Complaint and related papers are attached hereto as Exhibit A. This notice of removal is filed within 30 days of service of the Complaint on any Defendant.

2.      The Complaint asserts ten counts, including counts under the Fair Labor Standards Act ("FLSA," Count I), the Internal Revenue Code ("IRC," Count VI), the Racketeer Influenced and Corrupt Organizations Act ("RICO," Count VII), and various state and common law theories.

3.      All of the causes of action arise from the same alleged events.  Plaintiff, Erik Luna, was a bartender at a tavern allegedly operated by one of the Defendants, Wells Holdings, LLC.  Compl. at ¶ 57.  After each shift, Luna self-reported the amount of tips he received during the shift, whether the tips were made by cash or credit card.  *Id.* at ¶¶ 57-90.  Luna claims that the amount of tips shown on his bi-weekly paystubs, issued by Wells Holdings, was greater than the amount of tips that he reported at the end of each shift and was allowed to take home during the same pay period.  *Id.*  at ¶¶ 59-65.  Luna received cash equal to his self-reported credit card tips at the end of each shift.  *Id.*

4.      Luna claims that the amount of tips reported on his paystub—which was allegedly greater than the amount of tips he self-reported during the same pay period—was the accurate amount of tips he received during the pay period (despite having self-reported the lesser amount).  *Id.* at ¶ 121.  Thus, Luna claims he was not permitted to keep all of the tips he earned (despite the fact that he admits that he was allowed to retain the amount of tips that he self-reported).  *Id.* at ¶ 122.

5.      All of Luna's claims flow from this discrepancy between the amount that he self-reported and the amount shown on his paystubs at the end of the pay period.   With respect to Counts I-III, Luna claims that, as a result of the discrepancy, Wells Holdings cannot claim a "tip credit" on its minimum wage obligations and, therefore, violated the minimum wage provisions of the FLSA and other state and local statutes.  *Id.* at ¶ 125.

6. Likewise, Luna claims that Wells Holdings' alleged retention of the difference between the self-reported tips and the tips reflected on his paystubs constitutes common law conversion.

7. Alternatively, Luna claims that, if the self-reported amount of tips is accurate, the greater tip amount reflected on the paystubs was a part of a sinister scheme to lower Wells Holdings' federal income tax and force Luna to shoulder a larger tax burden. Compl. at ¶¶ 236-38. Luna claims that this gives rise to claims under the federal IRC and RICO, as well as claims for common law fraud and negligent misrepresentation.

8. Ironically, the evidence will show that Luna routinely under-reported his tips in order to unlawfully lower his reportable income and, thus, his income tax. For example, the evidence will show that if Luna received $50 in cash tips and $50 in credit card tips in a given shift, he would report total tips of only $75 ($50 in credit card tips and $25 in cash tips) and pocket the remaining $25 without reporting it. This was done in an attempt to lower his reported income and, thus, his taxes.

**B. THIS COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

9. This Court has original jurisdiction pursuant 28 U.S.C. § 1331 over Count I under the FLSA (29 U.S.C. § 201, *et seq.*), Count VI under the federal Internal Revenue Code (26 U.S.C. § 1, *et seq.*), and Count VII under the RICO Act (18 U.S.C. § 1961, *et seq.*) because they are founded on a claim or right "arising under the Constitution, laws, or treaties of the United States." A defendant may remove an action to federal court under 28 U.S.C. § 1441 if the complaint presents a federal question, such as a federal claim. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968).

10.     The Court has supplemental jurisdiction over the remaining counts pursuant to 28 U.S.C. § 1367 because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a); *Carlsbad Technology, Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639-40 (2009); *Anderson v. Aon Corp*., 614 F.3d 361, 364 (7th Cir. 2010).

## C.     REMOVAL IS PROCEDURALLY PROPER

11.     Removal to this Court is procedurally proper.  The Northern District of Illinois is the federal district in which the Circuit Court of Cook County, Illinois—where Plaintiff filed the Complaint—is located.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), which states that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."  Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice will be filed in the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).  In filing this Notice of Removal, Defendants do not waive any defenses that may be available or admit any of the factual allegations in the Complaint. Rather, Defendants expressly reserve all available defenses, deny any liability to Lune or the putative class, deny that this case is appropriate for class or collective action, and reserve the right to contest the allegations at the appropriate time.

12.     All Defendants consent to removal.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the above-captioned action brought in the Circuit Court of Cook County, Illinois, be removed to the United States District Court for the Northern District of Illinois.

Date: July 30, 2018

Respectfully submitted,
Defendants, 4C Kinzie Investor LLC, *et al.*,

By: /s/ Daniel W. Tarpey
    One of their attorneys

    Daniel W. Tarpey
    David G. Wix
    Matthew M. Showel
    Tarpey Wix LLC
    225 W. Wacker Drive, Ste. 1515
    Chicago, IL 60606
    (312) 948-9090

By: /s/ Noah A. Finkel
    One of their attorneys

    Noah A. Finkel
    Cheryl A. Luce
    Seyfarth Shaw LLP
    233 S. Wacker Drive, Ste. 8000
    Chicago, Illinois 60606-6448
    (312) 460-5000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of Defendants' Notice of Removal was

served on the following via email on July 30, 2018 before 5:00 PM:

Thomas A. Zimmerman (tom@attorneyzim.com)
Matthew De Re (matt@attorneyzim.com)
Zimmerman Law Offices, P.C.
77 West Washington St
Suite 1220
Chicago, IL 60602

/s/ Matthew M. Showel
Matthew M. Showel

Daniel W. Tarpey
David G. Wix
Matthew M. Showel
Tarpey Wix LLC
225 W. Wacker Drive, Ste. 1515
Chicago, IL 60606
(312) 948-9090