# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIK LUNA, individually, and on behalf of all others similarly situated, | Case No. 1:18-cv-05165 |
| Plaintiff, | Honorable Judge Harry D. Leinenweber |
| v. | Magistrate Judge Michael T. Mason |
| 4C KINZIE INVESTOR LLC d/b/a Highline Bar & Lounge,<br>1001 W. LAKE OPCO, LLC d/b/a Federales,<br>4C 1001 W. LAKE OPCO, LLC,<br>4C 15 E. ILLINOIS OPERATIONS, LLC d/b/a Fremont Bar,<br>FOUR CORNERS TAVERN FUND MANAGEMENT, LLC,<br>1500 N. WELLS OPCO, LLC d/b/a 80 Proof f/k/a SteakBar,<br>4C 1500 N. WELLS OPCO, LLC,<br>TALBOTT ASSOCIATES, L.P. d/b/a 20 EAST,<br>4C WRIGLEY, LLC d/b/a Brickhouse Tavern,<br>KEYSTONE HOLDINGS CORP.,<br>4C RIVERSIDE, LLC d/b/a Porter Kitchen & Deck<br>CHEVAL PORTER MANAGER, LLC,<br>WELLS HOLDINGS, LLC d/b/a Benchmark Bar and Grill,<br>WELLS HOLDINGS MANAGER, LLC,<br>WEST LOOP TAP, L.L.C. d/b/a Westend Bar & Grill f/k/a Brownstone Tavern & Grill (Madison and Ada),<br>SHEF AT OAK, INC. d/b/a Kirkwood Bar & Grill f/k/a Brownstone Tavern & Grill (Sheffield and Oakdale),<br>RIVER NORTH TAP, INC. d/b/a Sidebar Grille,<br>ROCCO'S, LLC d/b/a Ranalli's,<br>CLARK STREET RESTAURANT PARTNERS, LLC f/k/a 2450 N. Clark, Inc. d/b/a Gaslight,<br>ASCLOSE, INC. d/b/a Schoolyard Tavern & Grill,<br>THE CHASE TAVERN, INC. d/b/a Trellis | |

| |
|---|
| Wine Bar,<br>SALOON HOLDINGS, LLC d/b/a The Crossing Tavern,<br>SALOON HOLDINGS MANAGER, LLC,<br>HARDTALES, INC. d/b/a Brownstone Tavern & Grill (Lincoln and Irving Park),<br>FOUR CORNERS, a voluntary unincorporated association,<br>FOUR CORNERS TAVERN FUND I, LLC,<br>FOUR CORNERS TAVERN GROUP FUND INVESTOR, LLC,<br>FOUR CORNERS TAVERN PARTNERS, LLC,<br>FOUR CORNERS TAVERN GROUP INC.,<br>FOUR CORNERS HOLDINGS, LLC,<br>FOUR CORNERS CAPITAL ADVISORS, LLC,<br>FOUR CORNERS SHUTTLE, LLC,<br>4C CHEVAL LLC,<br>1001 W. LAKE, LLC,<br>MATTHEW MENNA, and<br>ANDREW GLOOR,<br><br>              Defendants. |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER GOVERNING COMMUNICATIONS WITH POTENTIAL CLASS/COLLECTIVE ACTION MEMBERS

Defendants, by and through their attorneys Tarpey Wix LLC and Seyfarth Shaw LLP, submit the following response in opposition to Plaintiff's Emergency Motion for an Order Governing Defendants' Communications with Potential Class/Collective Action Members ("Emergency Motion"):

Plaintiff's Emergency Motion asking the Court to regulate Defendants' communications with employees should be denied. Restrictions on parties' communications with putative class members are warranted only if there is "a clear record supporting the need" for the restriction. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). As the Seventh Circuit has recognized, both

parties have the right to communicate with putative class members while a class action is pending, and that right should not be curtailed absent clear evidence supporting the need. *E.E.O.C. v. Mitsubishi Motor Mfg. of Am., Inc.*, 102 F.3d 869, 870 (7th Cir. 1996). ("As is its right, each side sent a communication to the class members."). Plaintiff fails to meet his burden justifying any regulation of that right.

At the outset, it should be noted that Plaintiff made no attempt to confer with Defendants prior to filing his Emergency Motion.[1] If he had, his concerns about the risk of improper communications to employees at the "Q&A" sessions would have been alleviated, and the Court and the parties could have avoided the time and expenses associated with this Emergency Motion. Defendants are already advising employees of their rights to join this lawsuit if this case is certified as a class or collective actions at the "Q&A" sessions, and that Defendants will not take any action against them for doing so. Defendants had planned to deliver such disclaimers at the "Q&A" sessions even before learning that this Emergency Motion was filed. If Plaintiff had merely reached out to Defendants about the issue, a conference would have put the issues raised by this completely unnecessary Emergency Motion to bed.

Setting aside the waste of judicial and party resources this Emergency Motion incurs, Plaintiff falls far, far short of meeting his burden of showing that anything Defendants have communicated to employees is inaccurate or misleading. Plaintiff submits three pieces of evidence with his emergency, none of which justify the need for a restraint on Defendants'

---

[1] Defendants note that this is the second unwarranted emergency motion that Plaintiff has filed, both of which entailed the needless incursion of costs and time for both parties. On July 25, 2018, while this case was still pending in the Circuit Court of Cook County, Plaintiff moved for an order requiring Defendants to preserve evidence without *any* showing that relevant evidence had actually been destroyed. Had Plaintiff \ reached out to Defendants about his concerns related to the Q&A, they could have been resolved without the need for Court intervention. Defendants hope that, in the future, such issues can be addressed according to mandate contained in Fed. R. Civ. P. 1 that the procedural rules be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding."

3

communications with employees. First, Plaintiff submits a notice advising employees that voluntary Q&A sessions will be held. The mere fact that Defendants are having a Q&A session with employees to answer questions about the lawsuit is not actionable as there is no indication that anything said during the meeting misrepresents the facts of this case. Indeed, the whole reason for the Q&A session is to counteract the aggressive media publicity Plaintiff and his counsel generated about his lawsuit and to clarify some of the facts that have been reported in order to preserve Defendants' reputation with its employees. Second, Plaintiff submits an e-mail from Defendant's Marketing Director, Tonia Rudny, stating that Defendants believe the allegations in the lawsuit are false. There is nothing in Rudny's e-mail that affirmatively misrepresents any facts or misleads employees. Rudny's e-mail simply states that Defendants have not withheld tips earned by employees and believe that the allegations in the lawsuit are false, and that the discrepancy between the tips the plaintiff reported to Defendants and the imputed tips that Defendants reported for tax purposes is attributed to Defendants' belief that Plaintiff underreported his tips. Finally, Plaintiff submits a declaration by Plaintiff's counsel describing improper statements by Defendants' managers to putative class members. This declaration is rank hearsay and should be afforded no weight whatsoever. *Prudential Insurance Co. v. Curt Bullock Builders, Inc*., 626 F. Supp. 159, 165 (N.D. Ill. 1985). ("Affidavits cannot contain hearsay.").

    Despite such a weak showing, Plaintiff asks the Court conclude that the evidence he submits warrant the same restrictions on communications with putative class members that have been imposed in other cases. Plaintiff's attempt to draw parallels to the egregious conduct shown in other cases is strained. For example, in *Ojeda-Sanchez v. Bland Farms*, 600 F.Supp.2d 1373, 1381 (S.D. Ga. 2009), an order restricting communications with employees was justified where

4

the plaintiff submitted an affidavit from an employee attesting to the facts that the employer's representative traveled to Mexico and told him that he "should not talk to the people that visit the workers there at Bland's farm because after giving them personal information, these people could steal one's identity and never return to help you." The conduct alleged in Plaintiff's motion is not remotely similar. Making matters worse, Plaintiff's showing in support of an order regulating communications with putative class members is even weaker than in other cases where such requests were <u>denied</u>. In another case cited by Plaintiff, *Camilotes v. Resurrection Health Care Corp.*, No. 10 C 366, 2012 WL 245202 (N.D. Ill. Jan. 25, 2012), Judge Amy St. Eve held that the plaintiffs failed to meet their burden of demonstrating "a clear record of coercion" and that the employer's counsel "have engaged in, or have threatened to engage in, coercive, misleading, or other abusive communications with the putative class" because the declarations submitted to support the motion did not indicate that the employer or its counsel ever told employees that their employment would be negatively impacted. *Id*. *7. In *Camilotes*, the plaintiffs at least attached declarations from employees to support their requested relief and yet still were not granted it, whereas in this case, the only evidence supporting the need for a restriction is the Rudny e-mail that does not contain any misleading information and an affidavit from Plaintiff's counsel that contains inadmissible hearsay.

Finally, Defendants in fact are advising employees of their rights to participate in the lawsuit at the "Q&A" sessions. Even though Defendants are already voluntarily providing most of the relief sought in the emergency motion, Defendants nonetheless request that the Emergency Motion be denied because there is no record to support the Court's regulation of Defendants' communications with putative class members, and there certainly is not a sufficient record to force Defendants to record a meeting with their employees. Forcing Defendants to record the meetings

5

with their employees—without any regard as to whether the employees want to be recorded—imposes too severe a restriction on both Defendants and the employees and will have a chilling effect on the fair and open discussion Defendants hope to provide their employees.

To the extent that the Court grants any relief on Plaintiff's motion, Defendants request that any order restricting communications with putative class members be mutual so that Plaintiff and his counsel are subject to the same rules as Defendant on communications with putative class members.

**DATED: August 5, 2018**                                    Respectfully submitted,

                                                             DEFENDANTS


                                                             By: *s/ Matthew M. Showel*
                                                                    One of Their Attorneys

Daniel Tarpey
David Wix
Matthew M. Showel
TARPEY WIX LLC
225 West Wacker Dr. Suite 1515
Chicago, IL 60606
Telephone:     (312) 948-9090
Fax:           (312) 948-9105

Noah A. Finkel
Cheryl A. Luce
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2018, I electronically filed the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER GOVERNING COMMUNICATIONS WITH POTENTIAL CLASS/COLLECTIVE ACTION MEMBERS with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all counsel of record.

_____*Cheryl A. Luce*_____
Cheryl A. Luce